## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

      Plaintiff,

v.

7415 CORAL WAY LLC; and LE
LUCERNE BREAD INC. D/B/A
LUCERNE BAKERY,

      Defendants.

                                 /

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues 7415 CORAL WAY LLC, and LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4.      At all times material, Defendant, 7415 CORAL WAY LLC owned and co-managed

1

a commercial property at 7415 SW 24th Street, Miami, Florida 33155 (hereinafter the "commercial property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

5.     At all times material, Defendant, 7415 CORAL WAY LLC was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami-Dade County, Florida.

6.     At all times material Defendant, LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY, owned and operated a bakery at 7415 SW 24th Street, Miami, Florida 33155 (hereinafter the "bakery"), which is located within Co-Defendant/Landlord, 7415 CORAL WAY LLC's commercial property, and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

7.     At all times material, Defendant, LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY, was and is a Florida Profit Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami-Dade County, Florida.

8.     Venue is properly located in the Southern District of Florida because Defendants' commercial property and bakery are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

9.     Although well over thirty-three (33) years has passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

10.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who is disabled in ways that block them from access and use of Defendant's property and the businesses therein.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.  He has lower paraplegia, which inhibits him from walking or otherwise ambulating without the use of a wheelchair.  He additionally has limitations involving his arms and hands.  He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

13.     Defendants, 7415 CORAL WAY LLC owns, operates, and/or oversees its own separate parcel within the larger commercial plaza.

14.     Defendant, LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY operates and oversees the bakery business which is located within Co-Defendant, 7415 CORAL WAY LLC's commercial property and all other common areas open to the public located within the commercial property.

15.     Defendant, LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY owns, operates and oversees the bakery within the commercial property, to include the entrance and

interior to its commercial bakery business therein and all other interior pathway and aisles, access to commercial goods and services, and restroom areas, which are open to the public located within the commercial property.

16.     The subject commercial property and bakery are open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial property and bakery regularly, to include visits to the commercial property and business located within the commercial property on November 17, 2025 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property.  He often visits the commercial properties and the bakery located within the commercial property in order to avail himself of the goods and services offered there, and because it is approximately twenty-five (25) miles from his residence and is near other businesses he frequents as a patron.  He plans to return to the commercial property, and bakery within two (2) months from the date of the filing of this Complaint.

17.     The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial property and bakery business located within the commercial property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the commercial property and bakery business located within the commercial property and wishes to continue his patronage and use of the premises.

18.     The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject places of public accommodation. The barriers to access at Defendants' commercial property and bakery business have each denied or diminished Plaintiff's ability to visit these places of public accommodation and have endangered his safety in violation of the ADA.  The barriers to access, which is set forth below, have likewise

4

posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

19.     Defendant, 7415 CORAL WAY LLC, owns and operates a commercial property which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, 7415 CORAL WAY LLC is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, 7415 CORAL WAY LLC owns and operates is the commercial property and/or businesses located at 7415 SW 24th Street, Miami, Florida 33155.

20.     Defendant, LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY is also responsible for complying with the obligations of the AD, as it owns and operates a commercial bakery which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104A. The place of public accommodation that Defendant, LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY, owns and operates within the commercial property that is the bakery business located at 7415 SW 24th Street, Miami, Florida 33155.

21.     Defendant, 7415 CORAL WAY LLC, as owner/landlord of the commercial property and Co-Defendant/Tenant, LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY, as a Tenant and owner of the commercial bakery business within the commercial property, are together jointly and severally liable for all ADA violations listed in this Complaint.

22.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property and bakery, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will

continue to be subjected to discrimination at the commercial property and bakery, in violation of the ADA. Plaintiff desires to visit the commercial property and bakery business located therein, not only to avail himself of the goods and services available at the commercial property and bakery within the commercial property, but to assure himself that the commercial property and bakery businesses are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the commercial property without fear of discrimination.

23.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property and bakery business within the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS BY DEFENDANT/LANDLORD, 7415 CORAL WAY LLC AND CO-DEFENDANT/TENANT, LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY

24.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25.     Defendants,  7415 CORAL WAY LLC, and LE LUCERNE BREAD INC. D/B/A LUCERNE BAKERY have discriminated,  and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the commercial property and bakery, include but is not limited to, the following:

A.    Parking

i.    The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces

located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities, violating 28 CFR 36.211.

B.      Entrance Access and Path of Travel

i.      The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

C.      Access to Goods and Services

i.      The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**RELIEF SOUGHT AND THE BASIS**

26.      The discriminatory violations described in this Complaint is not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further

requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial place of public accommodation/bakery; Plaintiff requests the opportunity to be physically present at such inspection in conjunction with Rule 34 and timely notice.  Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein is readily achievable.

27.     The Plaintiff, and all other individuals similarly situated, has been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property and bakery business within the property; and have otherwise been discriminated against and damaged by the Defendant because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

28.     Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation and/or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against

8

Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq. for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act.

31.     Notice to each and/or either Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been

met by the Plaintiff or waived by each Defendant.

32.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at 7415 SW 24th Street, Miami, Florida 33155. Additionally, to include the bakery located within the commercial property, including the interiors, exterior areas, and the common exterior areas of the commercial property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require both Defendants to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 30, 2026

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 w. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com,
mds@ajperezlawgroup.com


By:   ___/s/ Anthony J. Perez_____
            ANTHONY J. PEREZ
            Florida Bar No.: 535451

11